**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| SEBASTIAN BRADFORD, Individually and On Behalf of All Similarly Situated Persons, | § § § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:17-cv-0907 |
| | § | |
| INTERIOR MAGIC OF TEXAS, INC. | § | |
| and JONATHAN C. ROBERTS, | § | |
| Defendants. | § | JURY DEMANDED |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

This is an action arising under the Fair Labor Standards Act ("FLSA"), brought both as an individual action and collective action to recover unpaid overtime compensation, liquidated damages, and attorney's fees owed to Plaintiff Sebastian Bradford and all other similarly situated employees ("Members of the Class") employed by, or formerly employed by Defendants, their subsidiaries and affiliated companies.

**Parties**

1.      Plaintiff Sebastian Bradford ("Bradford"), is a former employee of Defendants who was personally engaged in interstate commerce during his employment with the Defendants, and he is represented by the undersigned.

2.      Defendant Interior Magic of Texas, Inc. ("Interior Magic") is a Texas corporation that is and was an "employer" of the Plaintiff as that term is defined by the FLSA.  With respect to Plaintiff, Interior Magic is subject to the provisions of the FLSA. Interior Magic was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of $500,000.00.  Defendant Interior Magic of Texas, Inc. may be served through its registered agent, Jonathan C. Roberts at 7803 Meadow Lake Lane, Houston, Texas 77063 or wherever he may be found.

3.     Defendant Jonathan C. Roberts ("Roberts") is an individual who was an "employer" as that term is defined by the FLSA.  With respect to Plaintiff and Members of the Class, Roberts is subject to the provisions of the FLSA, as he was at all relevant times or was part of an enterprise engaged in interstate commerce as defined by 29 U.S.C. § § 203(r) and (s) and had gross annual revenues in excess of $500,000.00.  Roberts was a person who determined and directly controlled the employee compensation policies of Interior Magic of Texas, Inc.. Defendant Jonathan C. Roberts may be served with process at 7803 Meadow Lake Lane, Houston, Texas 77063 or wherever he may be found.

## Jurisdiction and Venue

4.     This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.  At all times pertinent to this Complaint, Defendants were an enterprise engaged in interstate commerce, purchasing materials through interstate commerce, transporting goods on the interstate highways, and conducting transactions through interstate commerce, including the use of credit cards, phones, and/or cell phones, electronic mail and the Internet. Additionally, Plaintiff was individually engaged in commerce and his work was essential to Defendants' business.

## Factual Allegations

### General Overview

5.     Plaintiff Sebastian Bradford and the members of the proposed Putative Class ("Employees") were and are Defendants' employees.  The Defendants place their employees to work at various automobile dealerships to provide valet and shuttle services.  The employees, although employed by Defendants, were also under the control and direction of the automobile dealerships throughout their workday, and were directly supervised by employees and agents of the automobile dealerships.   Plaintiff thus contends that Defendants and the automobile

2

dealerships were joint employers of the Employees, and should be held jointly and severally liable for the employees' unpaid overtime wages.  Plaintiff is asking that the Court certify a conditional class of Defendants' employees and former employees and that, after the opt-in period has passed, allow the Plaintiffs to amend their Complaint to add the automobile dealerships to which the Defendants' employees were assigned as additional defendants in this lawsuit.

Allegations of FLSA Violations

6.    Plaintiff and those employees similarly situated to Plaintiff were paid on an hourly basis and were paid the same hourly rate for all hours worked, even those hours over 40 in a workweek ("straight time").  That is, Plaintiff and others were not paid an overtime premium for hours worked over 40 as is required by the FLSA.  Plaintiff and the Members of the Class regularly worked over 40 hours per week without being paid time-and-a-half as required by the FLSA.

7.    Plaintiff Bradford worked for Defendants at West Houston Infinity and Momentum Collision Center, West Houston BMW and Midtown BMW as an auto dealership porter and valet between the dates of August of 2014 and the Winter of 2015, and again from October of 2016 until February of 2017.  Bradford's duties included, but were not limited to, driving/moving cars within the dealership from one location to another, approaching and greeting customers, surveying the vehicles to assess condition, checking for damage and other conditions for maintenance purposes, maintaining and cleaning vehicles (car washing), show rooms and other areas of the dealership where new and used vehicles were being showcased for sale.  Plaintiff also functioned in the role of concierge/shuttle driver, transporting the customers that would come into the dealership to drop off their vehicles for maintenance or repairs.

Plaintiff would drive the customers back to their homes, jobs or other locations as needed and he would also pick them up once the work on their vehicle was done.

8.      Defendant Jonathan C. Roberts is the owner and control person of Interior Magic of Texas, Inc., and is personally involved in the day-to-day operations, and in the establishment and enforcement of personnel policies, compensation policies and record keeping responsibilities of Interior Magic of Texas, Inc. under the terms of the FLSA.  Mr. Roberts is an "employer" of Plaintiff and Members of the Class.

9.      At all times relevant hereto, Defendants knew of, approved of and benefited from Plaintiff's regular and overtime work.

10.     Defendants did not make a good faith effort to comply with the requirements of the FLSA.

11.     Defendants' actions were willful and in blatant disregard for Plaintiff's federally protected rights.  The Defendants are in the business of placing personnel with their clients ("The Dealerships"), and should thus be well-versed in the overtime requirements of the FLSA, and are aware that failing to pay hourly employees overtime for hours worked over 40 in a workweek is a violation of the law.  Thus, Plaintiff and Members of the Class are entitled to receive overtime pay for the three years prior to filing of this lawsuit ("Relevant Time Period").

## Plaintiff's Individual Allegations

12.     Plaintiff was entitled to be paid his regular wages and to be paid an overtime premium for all hours worked over 40 in each workweek.  Defendants failed to pay Plaintiff overtime during the Relevant Time Period, as the Plaintiff worked in excess of 40 or more hours in many weeks, and often worked more than 60 hours per week.  Again, Plaintiff was paid on an hourly basis, but not paid premium pay for hours worked over 40 in the workweek.

13.     No exemption excuses Defendants from paying Plaintiff for all time spent and work performed during the hours he worked, and Defendants have not made a good faith effort to comply with the FLSA.  As such, Defendants knowingly, willfully or with reckless disregard carried out this illegal pattern or practice regarding overtime compensation.  Such practice was and is a clear violation of the FLSA.

**Collective Action Allegations**

14.     Other employees have been victimized by Defendants' pay practices and policies that are in willful violation of the FLSA.  A number of these employees have worked with Plaintiff.  Thus, Plaintiff is aware that the illegal practices or policies of Defendants have been imposed on the Members of the Class.  Specifically, through speaking with other employees, Plaintiff is aware that Defendants make a regular practice of not paying the required overtime premium for hours worked over 40 in a workweek, but instead pays all its valets, car washers and porters on the same basis as the Plaintiff: "straight time" hourly.

15.     The Members of the Class performed work that is similar in nature to that performed by Plaintiff.  These individuals worked alongside the Plaintiff performing the same type of manual work that Plaintiff performed.  Accordingly, the employees victimized by the Defendants' unlawful practices are similarly situated to Plaintiff in terms of their job duties.

16.     Further, each member of the class was paid according to a common payment scheme.  Thus, although the amount of damages may vary from individual to individual, the damages can be calculated by using a single mathematical formula that is individually applicable to each Member of the Class.  The Members of the Class are, therefore, similarly situated in terms of pay.

17.     Defendants' failure to pay their employees as required by the FLSA resulted from

a generally applicable policy that does not depend on circumstances particular to certain Members of the Class.  This generally applicable policy is prohibited by the FLSA.  Plaintiff's experience is typical of the experiences of the Members of the Class.

18.     No justification or exemption excused the Defendants from paying the Members of the Class for all work performed and time spent working, and the Defendants did not make a good faith effort to comply with the FLSA.  As such, the Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to the Members of the Class.

19.     The class of similarly situated plaintiffs is properly defined as:

> **All persons employed or contracted on an hourly basis by Defendant Interior Magic of Texas, Inc. during the three-year period preceding the filing of this Complaint.**

## CAUSE OF ACTION

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

20.     Based on the foregoing, Defendants violated the FLSA by failing to properly compensate Plaintiff and Members of the Class for work performed in the employ of the Defendants.

21.     Plaintiff and Members of the Class have suffered damages as a direct result of Defendants' illegal actions.

22.     Defendants are liable to Plaintiff and all Members of the Class for unpaid overtime compensation, liquidated damages, attorney's fees and costs under the FLSA, for the three-year period preceding the filing of this lawsuit.

### Demand for Jury

23.     Plaintiff demands a trial by jury.

### Prayer for Relief

WHEREFORE, Plaintiff and all employees similarly situated who join in this action

demand:

1.  Issuance of notice as soon as possible to all persons employed or contracted by Interior Magic of Texas, Inc. as hourly employees during the three-year period immediately preceding the filing of this Complaint.  Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2.  Judgment against Defendants for an amount equal to Plaintiff's and the Members of the Class's unpaid overtime wages at the applicable rate;
3.  An equal amount to the overtime wage damages as liquidated damages;
4.  Judgment against Defendants that their violations of the FLSA were willful;
5.  To the extent that liquidated damages are not awarded, an award of interest;
6.  All costs and attorney's fees incurred prosecuting these claims;
7.  Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
8.  Leave to amend to add claims under applicable law; and
9.  For such further relief as the Court deems just and equitable.

**THE BUENKER LAW FIRM**

Respectfully Submitted,

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile
**ATTORNEY-IN-CHARGE FOR**
**PLAINTIFF SEBASTIAN BRADFORD**

**OF COUNSEL:**
*/s/ Vijay A. Pattisapu*
Vijay A. Pattisapu
TBA No. 24083633
S.D. Tex. No. 1829615
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile
**ATTORNEY FOR**
**PLAINTIFF SEBASTIAN BRADFORD**